IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONSHEA LAVON RAMSON,

    Plaintiff,                    No. CIV S-07-2163 GEB EFB P

    vs.

A.M. KACALEK,

    Defendant.                ORDER

                                /

        Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. The case was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        To proceed with a civil action a plaintiff must pay the $350 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed *in forma pauperis* and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a). Section 1915(a)(2) requires "a prisoner seeking to bring a civil action without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." The trust account statement that plaintiff has submitted

1

is deficient for lack of certification. Plaintiff will be granted an opportunity to submit a second application to proceed *in forma pauperis*, with all sections completed including the certificate indicating the average monthly balance and deposits into plaintiff's trust account, together with a certified copy of his trust account statement for the six-month period immediately preceding the filing of this action.

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against the defendant. It is unclear to the court what charging allegations plaintiff is attempting to make against defendant Kalacek. To proceed, plaintiff must file an amended complaint.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this

1  rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R.
2  Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may
3  be punished by prison authorities for violation of the court's rules and orders.  *See* Cal. Code Reg.
4  tit. 15, § 3005.

5        A prisoner may bring no § 1983 action until he has exhausted such administrative
6  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v.*
7  *Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an amended
8  complaint he certifies his claims are warranted by existing law, including the law that he exhaust
9  administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

10        Accordingly, the court hereby orders that:

11        1.  Plaintiff has 30 days from the date of service of this order to submit either the filing
12  fee or the completed application and trust account statement required by § 1915(a).  The Clerk of
13  the Court is directed to mail to plaintiff a form application for leave to proceed *in forma pauperis*.
14  Failure to comply with this order will result in a recommendation that the action be dismissed;
15  and

16        2.  The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an
17  original and one copy of the amended complaint, which must bear the docket number assigned to
18  this case and be titled "First Amended Complaint."  Failure to file an amended complaint will
19  result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files an
20  amended complaint stating a cognizable claim the court will proceed with service of process by
21  the United States Marshal.

22  Dated: February 8, 2008.

                                EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE